[No. 2550.   Decided May 21, 1897.]

PRICE BAKING POWDER COMPANY, *Appellant*, v. EZRA D. RINEAR, *Respondent*.

RESCISSION — FRAUD — EVIDENCE — PLEADING — AMENDMENT — HARM-
LESS ERROR.

Affidavits charging fraud, used in an action of attachment, are inadmissible in evidence in another action between other parties, for the purpose of proving fraud.

In an action for the rescission of a contract of sale on the ground of fraudulent representations, the refusal of the court to allow plaintiff to amend his complaint so as to conform to the proof, is not error, when the complaint has alleged generally that the purchasers represented themselves to be solvent, and in good financial condition, and the testimony offered by plaintiff tended to show specific misrepresentations on the part of the purchaser, as such amendment would materially change the issues.

The refusal of the court to allow an amendment to a complaint, if erroneous, is harmless, where no other result could have been reached under the evidence than the verdict rendered.

Appeal from Superior Court, Spokane County.—Hon. NORMAN BUCK, Judge.   Affirmed.

*John R. McBride*, and *W. W. Tolman*, for appellant.
*Graves, Wolf & Graves*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the appellant

as plaintiff to recover certain merchandise sold by the appellant, Price Baking Powder Company, to S. Katz & Co. of Spokane, Washington. The action is against the sheriff of Spokane county, the respondent here, the sheriff having the goods in his possession under a levy of certain writs of attachment on suits by third parties against Katz & Co. After the introduction of the plaintiff's testimony the respondent moved the court to direct the jury to find a verdict for the defendant, for various reasons, which was done, and a verdict was returned for the defendant in accordance with the direction of the court.

During the trial, the plaintiff sought to introduce in evidence affidavits for the writs of attachment that were issued against Katz & Co., which testimony was objected to by the respondent and the objection sustained by the court. The exclusion of this testimony is one of the errors assigned by the appellant. We think these affidavits were properly rejected. They could in no way tend to prove the perpetration of fraud upon the appellant in this case, or an attempt to perpetrate a fraud upon it. The allegations of fraud were in reference to other persons and in no manner connected with the subject matter of this action. *McKay v. Russell,* 3 Wash. 378 (28 Pac. 908, 28 Am. St. Rep. 44).

The complaint did not allege the value of the property replevined, and the representation in relation to the grounds for rescission were that S. Katz & Co. represented and held themselves out to be solvent and in good financial condition. Under this allegation, appellant attempted to introduce evidence of specific representations made by Katz & Co., which testimony was objected to by respondent, and the testimony was stricken upon his motion. The appellant afterwards asked leave to amend the complaint, alleging the value of the goods replevined and also mak-

ing the complaint conform to the proof in relation to specific representations. This motion was resisted and was overruled by the court, and this is alleged as error. Whatever may be said of the ruling of the court in relation to the allegation concerning the value of the property, which allegation was sought to be inserted in the amended complaint, we are inclined to think that the motion to amend, so far as the specific representations were concerned, was properly overruled, and that there was no abuse of discretion by the lower court in refusing such amendment, as such an amendment would materially change the issues; and if this be true, the refusal to allow the amendment in relation to value would not be material, for it would be impossible for the plaintiff to prevail under the proof in this case and the allegations in relation to representations; and, in any event, a close examination of all the testimony in this case convinces us that there was no testimony offered sustaining an allegation of fraud or representations of any kind which would sustain an action for the rescission of a contract. From the plaintiff's own testimony, it does not appear that it was on account of representations made by Katz & Co. that these goods were sold by the appellant in this action, and if any representations were made, there is no testimony tending to show that such representations came to the knowledge of the appellant company; and altogether, without further particularizing, we think the motion for verdict for the defense was properly sustained by the court.

Judgment affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.